**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE: DEAN EDWARD ARMSTRONG
and DELA JANE ARMSTRONG,

                          **Debtors**

---

**DEAN EDWARD ARMSTRONG and**
**DELA JANE ARMSTRONG,**

                          **Appellants,**

-vs-                                                  Case No. 6:10-cv-1316-Orl-31

**REGIONS BANK,**

                          **Appellee.**

---

## ORDER

The Debtors/Appellants, Dean Armstrong and Dela Armstrong (the "Armstrongs") appeal the order of the Bankruptcy Court denying their motion to "strip off" a junior lien on their residence. The holder of that lien, Regions Bank, has not filed a brief in support of the decision of the Bankruptcy Court.

**I.    Background**

The Armstrongs filed their petition for relief under Chapter 7 of the Bankruptcy Code on March 30, 2010. At the time of filing, their residence was subject to two liens: a first priority lien in the amount of $290,361, and a second priority lien, held by Regions Bank, in the amount of $125,359. A post-petition appraisal put the fair market value of their residence at $218,000 – less

than the value of the first mortgage lien.  The Armstrongs filed a motion seeking to strip off the junior mortgage lien, which the Bankruptcy Court denied.  This appeal followed.

## II.     Standard of Review

In an appeal of a decision of the Bankruptcy Court, this Court sits as an appellate court. When reviewing the Bankruptcy Court's findings of fact, this Court applies the clearly erroneous standard. *In re Williamson*, 15 F.3d 1037, 1038 (11th Cir. 1994).  "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on review of the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Lightner v. Lohn*, 274 B.R. 545, 548 (M.D. Fla. 2002).  The burden of showing clear error falls on the party seeking to overturn the Bankruptcy Court's findings. *In re Caribbean K Line, Ltd.*, 288 B.R. 908, 911 (S.D. Fla. 2002).

This Court reviews the Bankruptcy Court's conclusions of law under a de novo standard. *Williamson*, 15 F.3d at 1038.  Under de novo review, this Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1295 (11th Cir. 2001).

## III.    Analysis

The Armstrongs argued that, because the property was worth less than the amount of the first mortgage, the second mortgage was not a secured claim.  In so arguing, they relied on two provisions of Section 506 of the Bankruptcy Code.  The first, Section 506(a)(1), provides in pertinent part that

> [a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

The second provision, Section 506(d), provides in pertinent part that, "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void," except under certain circumstances not applicable in this case.

In general, an allowed claim "is secured only to the extent of the value of the property on which the lien is fixed; the remainder of that claim is considered unsecured." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 239, 109 S.Ct. 1026, 1029, 103 L.Ed.2d 290 (1989). Broadly speaking, to determine the value of a junior creditor's interest in the property (and the extent to which it holds a secured lien) under Section 506(a)(1), the amount of debt secured by senior liens must first be deducted from the value of the property. 4 Collier on Bankruptcy ¶ 506.03[5]][b] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2010). Because the value of the first mortgage exceeded the value of the house, the debtors argued, the value of the second mortgage holder's interest in the house was zero, and the second mortgage holder's entire claim should have been considered unsecured. Turning to Section 506(d), the Debtors argued that, because the claim was unsecured, it was not an "allowed secured claim," and therefore the lien was void.

The Bankruptcy Court found that the Debtor's argument was foreclosed by *Dewsnup v. Timm*, 502 U.S. 410, 112 S. Ct. 773, 116 L.Ed.2d 903 (1992). *Dewsnup* involved a single secured creditor (rather than two) that was owed $120,000, while the property securing the debt had a fair

market value of only $39,000. *Id.* at 413, 112 S.Ct. at 776. The debtor sought to use 11 U.S.C. § 506(a)(1) to bifurcate the $120,000 claim into a $39,000 secured claim and an $81,000 unsecured claim, and then use 11 U.S.C. § 506(d) to void the amount of the lien that exceeded $39,000. *Id.* Any subsequent increase in the value of the property would then have accrued to the debtor rather than the creditor. *Id.* at 417, 112 S.Ct. at 778.

The *Dewsnup* court refused to go along with this interpretation, instead holding that the phrase "allowed secured claim" had different meanings for purposes of Section 506(a) than it did for purposes of Section 506(d). The court looked to the historical treatment of liens in bankruptcy, stating that "given the ambiguity in the text [of Section 506], we are not convinced that Congress intended to depart from the pre-Code rule that liens pass through bankruptcy unaffected." *Id.* The proper way to interpret the phrase for purposes of Section 506(d), the Court held, was to split it into two parts: first, determine whether the claim had been allowed, and then, determine whether the claim was secured by a lien. *Id.* If so, the lien was not voidable under Section 506(d). *Id.* The *Dewsnup* court found that the creditor's claim had been fully allowed and was secured by a lien, and therefore could not be stripped. *Id.*

Although *Dewsnup* involved a single undersecured creditor rather than an (effectively) unsecured junior lienholder, the Bankruptcy Court found that the decision was controlling. The Bankruptcy Court noted that, although the Eleventh Circuit had not addressed it, most courts to consider the question had extended the *Dewsnup* holding to cases involving a wholly unsecured

junior lienholder, including the Fourth[1] and Sixth[2] Circuits, and the Bankruptcy Appellate Panel for the Ninth Circuit.[3]  (Doc. 1-3 at 4).  The Bankruptcy Court agreed with this line of cases and held that Chapter 7 debtors may not strip off wholly unsecured junior mortgage liens under Section 506(d).

The Debtors argue that *Dewsnup* does not control the outcome in this case, because wholly unsecured liens receive different treatment in bankruptcy than partially or wholly secured liens, with Section 506(d) rendering the former automatically void.  (Doc. 2 at 6).  The Debtors also argue that public policy is best served by allowing Chapter 7 debtors to strip off wholly unsecured mortgage liens.  (Doc. 2 at 6).  But the Debtors provide no justification for interpreting Section 506(d) differently depending on whether the lien at issue was wholly unsecured or just the unsecured component of an undersecured lien.  Certainly, nothing in the text of 506(d) suggests these two categories of liens deserve different treatment.  Instead, the Debtors' argument relies on cases construing Section 506(a), which section the *Dewsnup* court did not rely on in interpreting Section 506(d).  (This insistence on uniformity of treatment under the two sections also ignores the *Dewsnup* court's pronouncement that the phrase "allowed secured claim" has different meanings for purposes of Section 506(a) than it does for purposes of Section 506(d).  *Id.* at 417, 112 S.Ct. at 778.)  Finally, as the Bankruptcy Court recognized, there may be valid public policy concerns that warrant the interpretation of Section 506(d) championed by the Debtors.  However, those concerns

---

[1] *Ryan v. Homecomings Financial Network*, 253 F.3d 778 (4th Cir. 2001).

[2] *In re Talbert*, 344 F.3d 555 (6th Cir. 2003).

[3] *In re Laskin*, 222 B.R. 872 (9th Cir. BAP 1998).

must be addressed to Congress, which has not enacted legislation to overturn the result in *Dewsnup* in the nearly 20 years since that decision was handed down.

Accordingly, it is hereby **ORDERED** that the decision of the Bankruptcy Court is **AFFIRMED**. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 28, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party